UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA MADERE,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 08-3655** |
| **BRUNSWICK CORPORATION,** *et al.* | **SECTION: I/5** |

### ORDER AND REASONS

Before the Court is a motion to remand filed on behalf of plaintiffs, Melissa and Megan Madere.[1] Defendants in this matter are Brunswick Corporation[2] ("Brunswick") and Brian Schexnayder[3] ("Schexnayder"). For the following reasons, plaintiffs' motion to remand is **GRANTED.**

### BACKGROUND

In approximately 1996, Brian Madere ("Madere"), the late husband of Melissa Madere and father of Megan Madere, purchased a Mercury outboard engine Model HP 2.5 EFI (the "engine") from Brunswick, which was allegedly installed on Madere's 1994 Euro Ski STV (the "pleasure craft") by Schexnayder.[4] Among the various parts that came with the engine was a "special washer head bolt" (the "bolt") to connect the "steering link rod" to the engine.[5]

On or about May 20, 2007, Madere was operating the pleasure

---

[1] Rec. Doc. No. 5. Plaintiffs are domiciliaries of the State of Louisiana. Rec. Doc. No. 1-2, p. 1.

[2] Brunswick is a Delaware corporation doing business in the State of Louisiana. *Id*. para. 1.

[3] Schexnayder resides in Paulina, Louisiana. *Id*.

[4] *Id*. at p. 1, para. 3.

[5] *Id*.

craft in Blind River when, without warning, the vessel "took a full, sudden, sharp turn" which caused Madere to be ejected from the vessel and sustain fatal injuries.[6] On May 22, 2007, after two days of search and rescue efforts, Madere's body was located.[7]

On May 19, 2008, plaintiffs filed a lawsuit against Brunswick and Schexnayder in the 23rd Judicial District Court for the Parish of St. James, State of Louisiana.[8] According to plaintiffs, Madere's accident was caused by a defective condition in the bolt connecting the steering rod link to the engine.[9]

In light of the fact that the bolt was manufactured by Brunswick, plaintiffs claim that Brunswick is liable for Madere's death pursuant to the Louisiana Products Liability Act ("LPLA").[10] Plaintiffs alternatively claim that Madere's accident was caused by Schexnayder's negligent failure to properly install the bolt when installing the engine on the pleasure craft.[11]

On June 6, 2008, Brunswick removed plaintiffs' lawsuit to federal court citing diversity jurisdiction pursuant to 28 U.S.C. § 1332.[12] According to Brunswick, diversity jurisdiction exists because Schexnayder was improperly joined as a defendant in

---

[6]*Id.* at p. 1, para. 2.

[7]*Id.*

[8]Rec. Doc. No. 1-2.

[9]*Id.* at p. 2, para. 5.

[10]*Id.*

[11]*Id.* para. 6.

[12]Rec. Doc. No. 1.

plaintiffs' lawsuit.[13]

On July 7, 2008, plaintiffs filed this motion arguing that the above-captioned matter should be remanded because Schexnayder was not improperly joined as a defendant and, as such, there is a lack of complete diversity of citizenship between the parties.[14]

### LAW AND ANALYSIS

I.  **STANDARDS OF LAW**

   A.  **MOTION TO REMAND**

A district court must remand a case to state court if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  The removal statute is strictly construed.  *Sea Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 U.S. Dist. LEXIS 12013, at *2 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)).  When challenged by a plaintiff seeking remand, the defendant attempting to establish removal bears the burden of proof.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S. Ct. 35, 37, 66 L. Ed. 144 (1921); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996) ("A party invoking the removal jurisdiction of the federal courts bears a heavy burden.").  Doubts concerning removal are to be construed against removal and in favor of remand to state court.  *Manguno v.*

---

[13]*Id*. at p. 3, para. 6.

[14]Rec. Doc. No. 5.

*Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).

    **B.**    <u>**IMPROPER JOINDER**</u>

Brunswick asserts that there is diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Schexnayder has been improperly joined in plaintiffs' lawsuit. There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts,[15] or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).[16] In *Smallwood v. Illinois Central Railroad*, the United States Court of Appeals for the Fifth Circuit restated the law with respect to the second method of establishing improper joinder, which is at issue in this case:

> [T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the others appear to describe the same standard or not.
>
> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the

---

[15]There are no allegations by Brunswick of actual fraud in the pleadings in this case.

[16]The majority opinion in *Smallwood* adopted the term "improper joinder" in lieu of the term "fraudulent joinder." *Smallwood*, 385 F.3d at 571 n.1.

>  allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendants. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)) (footnotes omitted).

The "burden of persuasion placed upon those who cry 'fraudulent [or improper] joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). In determining the validity of an improper joinder claim, "the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (quoting *B., Inc.*, 663 F.2d at 549). The court must also resolve all ambiguities in the controlling state law in plaintiff's favor. *Id.*

When conducting a summary proceeding for purposes of determining the validity of an improper joinder claim, courts may consider "summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007). However, a summary proceeding "is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at

573-74.  "[A]ny piercing of the pleadings should not entail substantial hearings."  *Id*. at 574.

**C.    NEGLIGENCE**

Plaintiffs assert their negligence cause of action against Schexnayder pursuant to Louisiana Civil Code Article 2315.[17] Article 2315(A) provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."[18]  "In Louisiana, three elements are necessary for a negligence cause of action to accrue: fault, causation and damages."  *M.J. Farms, LTD. v. Exxon Mobil Corp*, 2008 WL 2811534, at *14 (La. July 1, 2008) (citing *Austin v. Abney Mills, Inc.*, 824 So. 2d 1137, 1148 (La. 2002)).

**II. DISCUSSION**

As a threshold matter, Brunswick does not argue that plaintiffs have failed to sufficiently state a cause of action

---

[17]Defendants do not contest the application of Louisiana law to the substantive issues in this case.

[18]The full text of Article 2315 reads:

(A)   Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
(B)   Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have a cause of action fro wrongful death of an injured person.  Damages do not include costs for future medical treatment, services, surveillance, or procedures of any kind unless such treatment, services, surveillance, or procedures are directly related to a manifest physical or mental injury or disease.  Damages shall include any sales taxes paid by the owner on the repair or replacement of the property damaged.

against Schexnayder for negligence.[19]  However, Brunswick argues that the Court should exercise its discretion to pierce the pleadings and conduct a summary inquiry because the facts of this case would reveal that plaintiffs' negligence claim against Schexnayder provides nothing more than a "mere theoretical possibility" of recovery.  Brunswick argues that, in light of the fact that plaintiffs require a "*reasonable* possibility"[20] of recovery  in order to survive a claim of improper joinder, Schexnayder was improperly joined and plaintiffs' motion to remand should be denied.[21]

Having conducted a summary inquiry as requested, the Court finds that Brunswick has not presented sufficient summary judgment-type evidence to establish that there is no reasonable possibility that plaintiffs may recover against Schexnayder based on their negligence claims.  Although Brunswick argues that Schexnayder swears in an affidavit that he did not perform any work on the steering system of Madere's pleasure craft or his engine,[22] Brunswick failed to provide the Court with a copy of that affidavit

---

[19]Considering the fact that Brunswick does not argue that plaintiffs failed to state a cause of action for negligence, the Court need not conduct a Rule 12(b)(6)-type analysis.

[20]In *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003), the U.S. Fifth Circuit rejected plaintiffs' contention that "*any mere theoretical possibility* of recovery under local law - no matter how remote or fanciful - suffices to preclude removal."  The Court explained that "there must at least be arguably a *reasonable basis* for predicting that state law would allow recovery in order to preclude a finding of fraudulent [or improper] joinder."  *Id.; see also Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[21]Rec. Doc. No. 7, pp. 1-2.

[22]*Id*. at p. 2.

so that it may verify the statements made therein.[23]

Brunswick has failed to carry its heavy burden of proving that Schexnayder was improperly joined, and the Court may consider Schexnayder's citizenship for purposes of determining diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Considering the fact that complete diversity does not exist between the parties, the Court does not have subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1332.[24]

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand is **GRANTED.** The above-captioned matter is **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, as this Court lacks subject matter jurisdiction.

New Orleans, Louisiana, August 20th, 2008.

_____
LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[23] The Court notes that the affidavit provided by Melissa Madere states that Schexnayder admitted that he assisted Madere in the installation of the engine on the pleasure craft.  Rec. Doc. No. 5-4.

[24] Considering its determination that there is a lack of diversity between the parties, the Court need not address whether the amount in controversy requirement of 28 U.S.C. § 1332 has been satisfied.