UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MELISSA MADERE, et al.**                                   CIVIL ACTION

**VERSUS**                                                   No. 08-3655

**BRUNSWICK CORPORATION, et al.**                            SECTION: I/5

ORDER AND REASONS

Before the Court is a motion for new trial and reconsideration of its August 21, 2008 order remanding the above-captioned matter to state court filed by defendant Brunswick Corporation ("Brunswick").[1] For the following reasons, Brunswick's motion is **DENIED**.

BACKGROUND

Plaintiffs, Melissa and Megan Madere, filed a motion to remand on July 7, 2008, arguing that the non-diverse defendant, Bryan Schexnayder ("Schexnayder"), had not been improperly joined.[2] Brunswick responded that the Court should "pierce the pleadings"[3] to consider Schexnayder's affidavit wherein he states that he did not install the outboard engine[4] on the pleasure craft operated by

---

[1] Rec. Doc. No. 13.

[2] Rec. Doc. No. 5. According to the notice of removal, plaintiffs and Schexnayder are domiciliaries of Louisiana. Rec. Doc. No. 1, paras. 1, 5.

[3] Rec. Doc. No. 7, p. 2.

[4] Rec. Doc. No. 1-1, Exhibit C, para. 3.

1

Brian Madere at the time of his fatal accident.[5] Schexnayder also states in his affidavit that despite an allegation that he installed a washer head bolt to the steering system, he did not perform work on the steering system.[6]

Plaintiffs' petition alleges that a washer head bolt connected the steering link rod to the engine[7] and that the fatal incident was caused by the defective bolt and inadequate warning by the manufacturer or, alternatively, by the negligent installation of the bolt.[8]

On August 20, 2008, the Court entered an order remanding the case to state court.[9] In that order, the Court explained that Brunswick failed to provide the Court with a copy of the Schexnayder affidavit. The Court also noted a conflicting statement in an affidavit submitted by plaintiffs.[10] The Court found that Brunswick failed to satisfy its heavy burden of proving that Schexnayder was improperly joined and, therefore, considered his citizenship and determined that complete diversity did not exist

---

[5] Rec. Doc. No. 1-1, Exhibit A, para. 4. Brian Madere is the late husband of Melissa Madere and father of Megan Madere. *Id*. at para. 2.

[6] Rec. Doc. No. 1-1, Exhibit C, para. 4.

[7] Rec. Doc. No. 1-1, Exhibit A, paras. 3,4.

[8] *Id.* at paras. 5,6.

[9] Rec. Doc. No. 11. The Court amended that order on August 21, 2008 to correct the name of the state court to which the matter was remanded. Rec. Doc. No. 12.

[10] *Id.* at p. 7; *Id.* at p. 8 n.23.

2

between plaintiffs and defendants pursuant to 28 U.S.C. §1332.[11]

On August 22, 2008, Brunswick filed this motion for new trial, asking the Court to grant a new trial pursuant to Rules 59(a) and 60 of the Federal Rules of Civil Procedure and, upon reconsideration, to vacate its decision.

## LAW AND ANALYSIS

### A. MOTION FOR NEW TRIAL/RECONSIDERATION

Rule 59(a) of the Federal Rules of Civil Procedure permits the court to grant a new trial in "an action in which there has been a trial by jury" and "in an action tried without a jury." Fed. R. Civ. P. 59(a). Rule 59(a) addresses issues related to trial such as the weight of the evidence and the amount of the verdict whereas motions requesting reconsideration of court orders on pretrial motions generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. *See Ford v. Troyer*, No. 97-890, 1997 WL 731945, at *1 n.3. While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Harrington v. Runyon*, No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)).

---

[11]*Id.* at p. 8.

If a motion for reconsideration is filed within ten days of the entry of the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after ten days, it will be treated as a 60(b) motion."  *Id*. (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989); *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 667-69 (5th Cir. 1986)).  Considering the fact that Brunswick moved to have the Court reconsider its order to remand two days after the Court issued the order, or one day after the amended order, Brunswick's motion is considered as a Rule 59(e) motion.

A Rule 59(e) motion "calls into question the correctness of a judgment."  *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.* (*In re Transtexas Gas Corp.*), 303 F.3d 571, 581 (5th Cir. 2002).  It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."  *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).

A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e).  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990).  There are

4

considerations that limit this discretion, however: (1) the need to bring litigation to an end and (2) the need to render just decisions on the basis of all of the facts. *Id.*

A prior order remanding a case for lack of subject matter jurisdiction, however, precludes a court from reconsidering its order. *In re Shell Oil* Co., 932 F.2d 1523, 1528 (5th Cir. 1991); *New Orleans Public Serv., Inc. V. Majoue,* 802 F.2d 166, 167 (5th Cir. 1986); *Thompson v. Radosta,* 906 F. Supp. 367, 368 (E.D. La. 1995). Once the court remands, it is "completely divested of jurisdiction." *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984). So long as the court predicated its remand on lack of subject matter jurisdiction, the order cannot be reviewed "on appeal or otherwise." 28 U.S.C. §1447(d); *Thomas v. LTV Corp.*, 39 F.3d 611, 615-16 (5th Cir. 1994); *Shell*, 932 F.2d at 1528.[12] Even if the court found its previous order incorrect, it lacks jurisdiction to rescind it. *New Orleans Public Service*, 802 F.2d at 167; *Thompson*, 906 F. Supp. at 368 (citing *Browning*, 743 F.2d at 1078)("Even a federal court, persuaded that it has issued an erroneous remand order, cannot vacate the order once entered. The

---

[12]28 U.S.C. §1447(d) provides, "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

Instances where the court may review its order include remand as a matter of discretion based on 28 U.S.C. §1367(c)(supplemental jurisdiction) or remand pursuant to a defect in removal procedure. *See Thomas,* 39 F.3d at 615; *Shell,* 932 F.2d at 1528.

federal court is completely divested of jurisdiction once it mails a certified copy of the order to the clerk of the state court."). Because this Court remanded this matter for lack of subject matter jurisdiction,[13] the Court does not have the authority to reconsider its order.

### B. CORRECTION OF CLERICAL MISTAKES

Brunswick also moved for reconsideration pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, arguing that the Court's failure to consider Schexnayder's affidavit was an "inadvertent clerical oversight." As discussed above, the Court has been divested of jurisdiction since the remand order and it cannot vacate its order. Notwithstanding, the Court has serious concerns that such an argument even falls within the confines of Rule 60(a) as a clerical error or oversight of the Court.

Rule 60(a) permits the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Corrections pursuant to Rule 60(a) are limited to "'mindless mechanistic mistakes' which require no additional legal reasoning." *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1117 (5th Cir. 1998) (quoting *In re West Texas Marketing Corp.*, 12 F.3d 497, 504 (5th Cir. 1994)). Application of this rule depends on "whether the

---

[13] The Court found complete diversity did not exist between the parties pursuant to 28 U.S.C. §1332. Rec. Doc. No. 11, p. 8.

change affects substantive rights and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule." *Id.*

Brunswick argues that this Court's order resulted from an error in the Court's electronic filing system. According to Brunswick, the affidavit upon which it relies was referenced within and attached to its notice of removal, which defendant filed as a hard copy rather than electronically.[14] When uploaded to the Court's electronic system, the affidavit appeared only as part of the state court pleadings attached to the removal notice and not as a separate attachment.[15] As such, Brunswick argues that despite the "erroneous entry in the PACER system," the affidavit was provided to the Court.[16]

The Court is not convinced that this was a "clerical oversight" of the Court that falls within the limits of Rule 60(a). Defendant not only failed to attach the affidavit to its opposition to remand, but also neglected to even reference a document number or direct the Court to that portion of the record where the affidavit might be found.[17] Brunswick's memorandum simply states, "Plaintiffs' Motion and exhibits do not rebut the operative

---

[14]Rec. Doc. No. 13-2.

[15] *Id.*

[16] *Id.*

[17]Defendant could have directed the Court's attention to Rec. Doc. No. 1-2 or Exhibit C of the Notice of Removal.

statement in Schexnayder 's affidavit..." without citing the location of the affidavit as attached to the notice of removal.[18]

Even if the Court were to entertain a 60(a) motion, Schexnayder's affidavit fails to change the Court's decision to remand. In his affidavit, Schexnayder states that he did not install the outboard engine or perform work on the steering system.[19] Melissa Madere, however, states otherwise in her affidavit, declaring that Schexnayder informed her that he assisted her late husband in installing the outboard engine and that Schexnayder would not answer any of her further questions.[20] Although her affidavit does not specifically address the washer head bolt or steering system, the petition alleges that the bolt was one of the parts included in Brunswick's shipment of the engine and that it connected the steering link rod to the engine that Schexnayder allegedly installed.[21]

As explained in this Court's order of remand, the Court must resolve disputed issues of fact in favor of the plaintiff. *B., Inc. V. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) ("[T]he

---

[18] Rec. Doc. No. 7, p.2.

[19] Rec. Doc. No. 1-1, Exhibit C, paras. 3, 4. ("I did not install the outboard on this boat. I have read paragraph 6 of the lawsuit where it is stated that I installed a washer head bolt on the outboard's steering system. I state of my own person knowledge that I did not perform any work on the steering system on this boat and motor.").

[20] Rec. Doc. No. 5-3, para. 3.

[21] Rec. Doc. No. 1-1, para. 3.

defendants may submit affidavits and deposition transcripts; and...the plaintiff may submit affidavits and deposition transcripts along with factual allegations contained in the verified complaint. The district court must then evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff."). Even if Brunswick's argument fell within the purview of Rule 60(a) and the remand order did not divest the Court of jurisdiction, the Court would not be persuaded to alter its order of remand after resolving this factual dispute in favor of plaintiffs.

Accordingly,

**IT IS ORDERED** that Brunswick's motion for new trial is **DENIED**.

New Orleans, Louisiana, October 6th, 2008.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE